UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

           **Appellant,**

-vs-                                          **Case No.  6:06-cv-1876-Orl-19DAB**

**ANTHONY DAVIS and ERICKA DAVIS, Debtors,**

           **Appellees.**

_____

**ORDER**

This case comes before the Court on the following:

1. Order [of the United States Bankruptcy Court] Confirming Chapter 13 Plan Allowing Claims and Directing Distribution, entered by the United States Bankruptcy Court on August 31, 2006; (Doc. No. 1-3);

2. Brief for Appellant, United States of America, filed by Appellant United States of America on January 3, 2007; (Doc. No. 4);

3. Brief for Appellees, Anthony Davis and Ericka Davis, filed by Appellees Anthony and Ericka Davis on March 7, 2007; (Doc. No. 17); and

4. Reply Brief for Appellant, United States of America, filed by Appellant on March 19, 2007.  (Doc. No. 19).

**Background**

The instant case involves an appeal from a final order of the United States

Bankruptcy Court confirming a proposed Chapter 13 plan for Appellees Anthony and Ericka Davis over the objection of Appellant, the United States of America. The following facts with regard to this appeal are not disputed by the parties.

Appellees filed a Chapter 13 petition for bankruptcy on April 10, 2006. On April 13, 2006, Appellees filed a repayment plan with the United States Bankruptcy Court. (Doc. No. 1-6, filed on December 15, 2006). The United States filed an objection to such plan on June 2, 2006, arguing that Appellees had failed to file all required tax returns and thus that the plan could not be confirmed until they did so. (Doc. No. 1-7).

On June 22, 2006, the Bankruptcy Court held a hearing on the proposed confirmation of the plan submitted by Appellees. At the hearing, Appellee Ericka Davis testified that although she had operated a day care business since 2002, as of the date of the hearing she had not filed income tax returns for every year of operation for her business. (Doc. No. 1-9). Mrs. Davis testified that she planned on amending her tax returns at a later date. (*See id.*).[1] The appointed bankruptcy Trustee recommended confirmation, noting that the plan provided for repayment of value of the estimated tax claims. (Doc. No. 1-9, p. 30).

On August 31, 2006, the Bankruptcy Court confirmed the proposed Chapter 13 plan over the objection of Appellant. The United States Bankruptcy Judge stated that he confirmed the plan because it provided for payment of the estimated tax claims at a later date. (*Id.* at p. 31).

Subsequent to the filing of this appeal, Mrs. Davis filed a Notice of Voluntary

---

[1] Mr. Davis is not self-employed and therefore is only responsible for filing individual income tax returns. Appellees have not objected to the submissions by Mr. Davis in the instant case.

Dismissal on February 22, 2007.  Thus, on February 27, 2007, the Bankruptcy Court dismissed the underlying action as to Ericka Davis. (Doc. No. 18-2, filed on March 12, 2007).  As such, the automatic bankruptcy stay and administration of the underlying bankruptcy case no longer continues as to Mrs. Davis, and all creditors are currently free to pursue federal and state law collection practices against her, if desired.

In its initial brief, the United States of America argues that the plan should not have been confirmed because the United States Bankruptcy Code does not permit confirmation of a Chapter 13 plan unless the debtor has filed all applicable federal, state, and local tax returns.  Thus, Appellant argues that the Court should vacate the order of confirmation and remand the instant case back to the Bankruptcy Court. (Doc. No. 4, pp. 9-10).  Appellees argue in response that the instant appeal should be denied as moot, as Mrs. Davis is no longer a party to the case. (*See generally* Doc. No. 17).  Appellant argues in its reply brief that should the Court find the issue is moot, the Court should nonetheless vacate the order of confirmation. (Doc. No. 19, pp. 6-7).

**Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See, e.g., In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994).  While the Court reviews *de novo* the legal conclusions of a bankruptcy court,[2] under Federal Rule of Bankruptcy Procedure 8013, "findings of fact,

---

[2] Under *de novo* review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir.2001) ("*De novo* review requires the court to make a judgment independent of the bankruptcy court's, without deference to that court's

whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *See In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989), *cert. denied*, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when the Court finds that "although there is evidence to support [the Bankruptcy Court's] finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). While a bankruptcy court's conclusions of law are reviewed *de novo*, the standard of review as to a bankruptcy court's decision to approve a settlement is abuse of discretion. *See, e.g., Rivercity v. Herpel* (*Matter of Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980).[3] The burden of showing clear error falls on the party seeking to overturn a bankruptcy court's findings. *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

**Analysis**

The parties to the instant case stipulate to all of the salient facts and thus present the Court with only two discrete, narrow issues of law to determine. First, the Court must determine whether the instant appeal is moot due to the dismissal of Mrs. Davis. Appellees argue that this is the case, and the United States does not attempt to dispute this argument in its Reply Brief. If the Court answers this question of law in the affirmative, then the Court

---

analysis and conclusions."). *See also In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

must apply United States Supreme Court precedent to determine the proper procedural resolution of the case at bar. If the Court answers this question in the negative, then the Court must determine whether the Bankruptcy Court erred in confirming the plan. The United States argues that confirmation of the proposed plan was contrary to law, which the Appellees do not attempt to dispute in their brief.

The Court finds that the controversy in the instant case has been rendered entirely moot by the dismissal of Mrs. Davis from the instant suit. The only alleged error committed by the Bankruptcy Judge was approving the Chapter 13 plan as to Mrs. Davis when she had not submitted all of the required tax returns under the Bankruptcy Code. As Mrs. Davis has been dismissed from the case and no longer seeks the protections and obligations of the Bankruptcy Code, there is no longer any case or controversy, and any opinion issued would by the Court would be merely advisory and thus contrary to Article III of the United States Constitution. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 120 S.Ct. 693 (2000); North *Carolina v. Rice*, 404 U.S. 244, 246 (1971); 5 Am.Jur.2d Appellate Review § 641(2007). The rule in federal cases is that an actual controversy must be extant at all states of review, not merely at the time the case is filed. *E.g., Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). For these reasons, the Court finds that it no longer has jurisdiction to decide the appeal, because the sole issue for appeal has been rendered moot by the dismissal of Mrs. Davis from the case.

Because jurisdiction did in fact exist at the time the instant case was filed, however, the Court must follow United States Supreme Court precedent regarding the proper procedure to be followed when a reviewing court is divested of jurisdiction of a case that

was once ripe. In the case of *United States v. Munsingwear, Inc.*, the Supreme Court instructed:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County* [...] to be 'the duty of the appellate court'. That procedure clears the path for future relitigation of the issues between the parties and elminates a judgment, review of which was prevented through happenstance.

*Munsingwear*, 340 U.S. 36, 39-40 (1950). Thus, the law set out by the Court is clear: where it appears upon appeal that a controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss. *E.g., id.*; *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936).

Although several federal courts have taken pains to make clear that *vacatur* is not warranted under every circumstance where a reviewing court loses jurisdiction,[4] such a result is required in the instant case. As the Supreme Court has recently reaffirmed, *vacatur* must be decreed for those cases where a controversy presented for review has "become moot due to circumstances unattributable to any of the parties," or where "mootness results from the unilateral action of the party who prevailed in the lower court." *U.S. Bancorp Mortgage. Co. v. Bonner Mall Partnership,* 513 U.S. 18, 23, 25 (1994). In the instant case, Mrs. Davis unilaterally chose to forego the protections of the Bankruptcy Code and moved the Bankruptcy Court to dismiss her from the case, which it did. (Doc. No. 18-2). For these reasons, the Court will vacate the order of confirmation and remand the instant case to the

---

[4] *See, e.g., Keeler v. Mayor and City Council of Cumberland*, 951 F.Supp. 83, 84 (D. Md. 1997).

United States Bankruptcy Court for further proceedings consistent with this Order.

## Conclusion

Based on the foregoing, the Order [of the United States Bankruptcy Court] Confirming Chapter 13 Plan Allowing Claims and Directing Distribution, entered by the United States Bankruptcy Court on August 31, 2006 (Doc. No. 1-3) is hereby **VACATED**. The instant case shall be remanded to the United States Bankruptcy Court for proceedings consistent with this Order. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 25th_ day of May, 2007.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Counsel of Record

U.S. Bankruptcy Court